SUPREME COUNCIL OF LADIES' CATHOLIC BENEVOLENT ASSOCIATION *v*. SCHERER.

1. INSURANCE—INTERPLEADER—CHANGE OF BENEFICIARY.
   In a suit for interpleader, evidence examined, and *held*, not sufficient to establish a change of beneficiary as claimed by one of the defendants.

2. VARIANCE—EQUITY—ANSWER—PLEADING.
   Under a cross-bill charging that an alleged change of beneficiary was procured by duress, undue influence, and fraud, denying also averments of the cross-bill of other defendants who set up a change of beneficiary, and who did not urge the claim of variance in the lower court where an amendment might have been allowed, appellants were not entitled to relief on appeal, on the theory that the evidence showed forgery, not duress or undue influence.

3. COSTS—INTERPLEADER.
   An allowance to the interpleading complainant out of the fund paid into court belonging to defendants, of $45, including costs paid and a solicitor fee of $30, was not unreasonable.

Appeal from Wayne; Donovan, J. Submitted April 3, 1912. (Docket No. 26.) Decided March 20, 1913.

Interpleader by the Supreme Council of the Ladies'

Catholic Benevolent Association against Theodore Scherer and Andrew and Barbara Rinke. From a decree for defendant Scherer, defendants Rinke appeal. Affirmed.

*Jonathan Palmer, Jr.*, for appellants.

*James F. Hill*, for appellee.

MOORE, J. This is a case brought to determine who is entitled to the insurance ($1,000) carried upon the life of Catherine Scherer, deceased. On May 1, 1907, the original certificate was taken out by Mrs. Scherer. This was before she was married. Her father and mother, the defendants Andrew Rinke and Barbara Rinke, were named as beneficiaries therein. Later, upon the marriage of Catherine Rinke to defendant Theodere Scherer, and on October 24, 1907, she had the certificate changed, making him the beneficiary. It is claimed by defendants Rinke and Rinke that on September 29, 1910, Mrs. Scherer again secured a change in the certificate, making her father and mother the beneficiaries. Mrs. Scherer died December 1, 1910. The defendant Scherer denies that Mrs. Scherer brought about this change in the certificate, and claims that he carried $2,000 insurance in favor of his wife, and that, from the time he was named in the certificate as beneficiary, he paid the assessments and dues upon both certificates until the death of his wife.

The case was tried in open court. In rendering a decision, the trial court expressed himself in part as follows:

"The policy was changed unknown to the husband. As such insurance is regulated largely by the by-laws of the society, which is mainly a law unto itself, proof of the change determined the ownership, if lawfully made; and, excluding illegal proof of Rinke and wife (opposite parties) and of interested officers, I find:

"*First*. The husband took out the insurance and paid the premiums to keep it in force, lived happily with his wife, who was very sick and ill for a long time before her death.

"*Second*. That a change by alleged transfer, brought

about by a president in her interest, was made to the father and mother of deceased shortly before her death; that no notice was given the husband, as required, he being then the real owner; that the transfer is clearly not in the handwriting of the deceased, not by owner's consent, and is clearly unlawful in many ways, namely: For forty times or more the deceased wrote and spelled her name 'Catharin Scherer,' while the transfer is 'Catharine Schereer,' yet the woman was well educated. Surely some one else did the transfer act, and it was not done (in three or more ways) as the constitution provided.

"*Third.* The main transferee, Mrs. Rinke, was president of the branch office and controlled the assignment, together with her friend, who was recorder. They were two interested parties, unfriendly to the real owner of the $1,000.

"Thus the quantity of the proof, the manner of dealing, is so tainted with irregular acts, doings and omissions that I am forced to find that the legal and equitable owner of the fund is the cross-complainant, the husband of the deceased, Theodore Scherer."

Section 14 of the constitution of the order requires that, in order to obtain a duplicate policy (where one is lost), the insured must sign and forward an affidavit showing the facts as to the policy being lost or beyond the control of the insured; it must also show whether the then beneficiary paid any of the assessments; and, if the beneficiary had paid one or more assessments, a release must be obtained from him. This section states that, if a policy is obtained or a change made in the beneficiary not in strict accordance with this section, the policy and change of beneficiary is null and void.

It is the claim of Mr. Scherer that, immediately after Catherine Scherer was taken from her home by the mother, Mrs. Rinke, Mrs. Eva Sheridan wrote to one of the supreme officers and obtained a duplicate of Catherine's policy, without furnishing the required affidavit to show what had become of the existing policy, and without showing whether Theodore, the beneficiary, had paid any of the assessments or not, and that, although Theodore Scherer had paid the assessments and dues on his wife's

policy from the time of their marriage to her death, no release was asked or obtained from him. It is claimed by Mr. Scherer as a legal proposition that, without this affidavit and release from Mr. Scherer, the transfer is void. It is also claimed, as a matter of fact, that Mrs. Scherer did not sign the request for change of beneficiaries. On the part of Mr. and Mrs. Rinke, it is claimed that, as to the question of fact, Mrs. Scherer did sign the request for a transfer. It is claimed as to the question of law that, if the company consented to the transfer without the affidavit and release from Mr. Scherer, he cannot now raise the question. Authorities are cited as to the legal question, and it is argued at length.

In our view of the case, it is not necessary to discuss the question of law presented, as the question of fact is conclusive. Mrs. Barbara Rinke was president of the local branch of complainant association. Mrs. Sheridan was a warm friend of hers. These two persons and a sister of Mrs. Rinke furnished nearly all of the testimony tending to sustain the claim of Mr. and Mrs. Rinke. The certificate in which Mr. Scherer is named as beneficiary has at the bottom the written acceptance of "Catherine Scherer." The blank portions of the application for a change of beneficiary, dated September 29, 1910, are filled with an ordinary black lead pencil. In the body of it the name is written "Catherine Schererer." This application is unsigned. At the bottom of the certificate itself it purports to be sealed, signed, and attested by Barbara Rinke, president; the signature being made with a blue pencil and by Eva Sheridan, recorder, the signature being made with a pen carrying black ink. Then follows the acceptance which has a signature written with a blue pencil "Catherine Sherer." There are many other exhibits in the case showing the handwriting of Mrs. Scherer and some showing the handwriting of Mrs. Rinke. A post card mailed at Cleveland July 20, 1910, in the handwriting of Mrs. Rinke, was addressed "Catherin Sherer, 1493 Canfield street, Detroit, Mich." A comparison of

these signatures does not satisfy us that Catherine Scherer ever requested that the beneficiary in her certificate of insurance should be changed from Theodore Scherer to Barbara Rinke and Andrew Rinke.

In the supplemental brief the solicitor for defendants Rinke and Rinke says:

" While upon the trial in the lower court the proofs produced by defendant Scherer are at variance with the charges made in his cross-bill, and develop an attempt to prove forgery; the charge in the cross-bill being that the signature of the deceased was procured under the undue influence, duress, by fraud and false representations by which the deceased was induced and compelled to make this designation of new beneficiary. This certainly is not supported by the proof in which they attempted to show a forgery "—

And argue that, because of the variance, the decree should be reversed. In the answer of the defendant Scherer to the cross-bill of the other defendants, we find the following:

"This defendant denies the allegations contained in paragraph No. 15 of said cross-bill. This defendant alleges that the said Catherine Scherer did not revoke the nomination of this defendant as beneficiary, and that any revocation attempted was the act of the said Barbara Rinke, and not the act of the said Catherine Scherer; such act being accomplished by the fraud, force, duress, and false representations of the said Barbara Rinke, the said Catherine Scherer being helpless as a child under the complete control and direction of the said Barbara Rinke."

It will be remembered that Mr. Scherer was the beneficiary named in a certificate about which there was no question. The defendants Rinke were asserting that the beneficiary had been changed. He was answering that assertion. We do not discover that in the court below or in the original brief there was any claim of variance. Had that claim been made, if it was thought it had merit, an amendment would have been allowed. We think the present claim is without merit.

In the brief of counsel for defendant Scherer, we find the following:

"The supreme council of the L. C. B. A. having filed the bill of interpleader herein and paid the $1,000 involved into court, the court below, under the decree of interpleader, allowed Keena, Lightner & Oxtoby, solicitors for said supreme council of the L. C. B. A., to withdraw from said $1,000 fund, as their costs, the sum of $45, being a filing fee of $5, stenographer fee, $3, solicitor fee of $30, and a decree fee of $7. On the taxation of costs for Theodore Scherer, the appellee, the court below refused to allow the appellee the said $45 that had been paid out of the said $1,000 that had been decreed to belong to the appellee. If the honorable Supreme Court affirms the decree of the court below, it is respectfully prayed that the costs of the court below be retaxed in behalf of the appellee, together with his costs herein."

The uncertainty about where to pay the fund was not the fault of the insurer. The costs allowed were within the discretion of the court, and are reasonable in amount.

The decree is affirmed, with costs of both courts to defendant Scherer from the defendants Rinke and Rinke.

STEERE, C. J., and MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD J., did not sit.